UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

RODERICK GREEN,

       Defendant.

_____/

Criminal Action No.
13-cr-20098

HON. MARK A. GOLDSMITH

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 24)

### I. INTRODUCTION

Before the Court is Defendant Roderick Green's motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 24). Defendant argues that his counsel was ineffective because he withdrew a pending motion to suppress after Defendant pled guilty. Def. Mem. at 8, 15-17. Defendant also argues that the search warrant that resulted in finding the firearms at issue in this case was based on false information. Id. at 9, 11-13. Because the Court concludes that Defendant's claims do not have merit, the Court denies Defendant's motion.

### II. BACKGROUND

On September 22, 2012, law enforcement officers executed a stop of a vehicle driven by Defendant as a result of the vehicle's illegally tinted windows. See Compl. (Dkt. 1); see also Def. Reply to Mot. to Suppress at 2 (Dkt. 17) ("Defendant's counsel initially believed the tinting was lawful; subsequent investigation indicates this was not correct."). The police report indicates that Defendant initially stopped the vehicle in the middle of the road and moved forward and ran a red light once the officers exited their vehicle. The police report also states

that the vehicle then stopped again, the officers noticed the vehicle's occupants moving around as if to hide something, that Defendant indicated that he did not have a driver's license on him, and that the officers observed an open can of beer in the center cup holder. Police Report (Dkt. 16-1). The police report also states that the occupants were placed in handcuffs for further investigation in light of the above circumstances; Defendant purportedly then gave verbal consent for a search of the vehicle. According to the police report, Defendant had $1,921.00 in cash in his pant pockets, and there were pills and cocaine in the vehicle. Id. After being read his Miranda rights, Defendant purportedly acknowledged the cocaine was his. Id. Defendant denies these claims.

On January 15, 2013, officers executed a federal search warrant of Defendant's residence. Compl. (Dkt. 1). The officers located additional cocaine base, cash, two firearms, and various items alleged to be related to drug distribution. Id.

A federal grand jury returned an indictment against Defendant on February 6, 2013, charging him with one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm(s), in violation of 18 U.S.C. § 922(g)(1). Indictment (Dkt. 9).

Defendant's counsel subsequently filed a motion to suppress. Mot. to Suppress (Dkt. 14). The motion requested an evidentiary hearing, and sought to have the Government explain the exception to the warrant requirement that it believed permitted the September 22, 2012 stop and search, the result of which purportedly formed the basis for the January 2013 search warrant. Id.

The Government responded that Defendant was not entitled to an evidentiary hearing because he had failed to explain why the Court should suppress any of the evidence. Gov't Resp. (Dkt. 16). In other words, the Government argued that "Defendant does not articulate a

factual or legal basis for his motion to suppress other than to assert that he is entitled to an evidentiary hearing because the government bears the burden of proof on these issues." Id. at 4. However, the Government noted that it "welcome[d] an evidentiary hearing; so long as defendant, the movant, adequately frames [in reply] the parameters of that hearing by alleging definite, specific, and detailed facts in dispute that would entitle him to relief." Id. at 10.

In reply, Defendant argued that he disputed many of the factual allegations contained in the police report, including that he purportedly stopped in the middle of the road, ran a red light, had unusual movement in the vehicle, did not have his license, had an open can of beer in the vehicle, and gave verbal consent to a search of the car. Def. Reply at 2-3 (Dkt. 17). Defendant's counsel conceded, however, that his "subsequent investigation" revealed that the car's window tinting likely was unlawful. Id. at 2. Once again, Defendant asked the Court to "proceed with an evidentiary hearing and require the government to identify the exception(s) to the warrant requirement that it relies upon." Id. at 3.

The Court originally set the hearing date for Defendant's motion as April 30, 2013, but the hearing was then moved to May 29, 2013. On or around May 23, 2013, Defendant signed a Rule 11 plea agreement with the Government. Plea Agreement (Dkt. 20). Pursuant to the terms of that agreement, Defendant would plead guilty to the felon-in-possession charge. Id. at 1-3. In exchange, the Government agreed to dismiss the drug distribution charge. Id. at 7. The plea agreement warned that its terms would expire unless it was "received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on May 24, 2013," i.e., before the hearing on Defendant's motion to suppress. Id. at 10.

In light of the signed plea agreement, the Court cancelled the hearing on the motion to suppress, and instead held a plea hearing on May 28, 2013. At the hearing, the Court asked

Defendant whether he had discussed with his counsel any defense he might have; Defendant responded that he had. The Court also asked Defendant whether he was satisfied with all the advice Defendant's counsel had given about how to proceed in his case, including whether to plead guilty or to go to trial. Defendant responded that he was satisfied. After the Court asked numerous other questions of Defendant, Defendant pled guilty and the Court accepted the plea as knowing and voluntary. The Court took the Rule 11 plea agreement under advisement.

Given Defendant's guilty plea, Defendant's counsel withdrew the pending motion to suppress on May 29, 2013. See Notice of Withdrawal (Dkt. 21).

The Court sentenced Defendant to 105 months imprisonment on October 8, 2013. See Judgment (Dkt. 22). Defendant filed the instant motion on April 28, 2014 (Dkt. 24).

### III. 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of section 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which

4

inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## IV. ANALYSIS

Defendant raises two primary arguments in support of his motion: (1) that counsel was deficient in withdrawing the motion to suppress before the Court ruled on it; and (2) that the officers lied in their police report, which formed the basis for the affidavit supporting the search warrant of his residence.[1] The Court considers each argument in turn.

**A. Motion to Suppress**

---

[1] As the Government highlights, Defendant cursorily raises various other arguments that are unsupported and undeveloped. For example, Defendant argues that his counsel gave him "incorrect legal advice which induced him to plead guilty." Def. Mem. at 8. However, Defendant fails to explain precisely what "legal advice" was incorrect. Defendant also claims "factual and legal innocence," without explaining the basis for this claim. Id. at 1. The Court rejects these arguments to the extent they are unrelated to the two main arguments discussed above. See Hynes v. United States, No. 02-cr-80889, 2010 WL 2556858, at *1 (E.D. Mich. June 22, 2010) ("Additional grounds for relief in Petitioner's motion but not developed in his brief are not considered."); United States v. Fizer, No. 07-20953, 2010 WL 299502, at *1 (E.D. Mich. Jan. 20, 2010).

Defendant first argues that his counsel was deficient in withdrawing the pending motion to suppress prior to the Court ruling on it.[2] To satisfy the rigorous standard required to sustain such a claim, Defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that the defendant was prejudiced as a result of his counsel's deficient performance." See United States v. Bailey, 547 F. App'x 756, 765 (6th Cir. 2013) (citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984)). The Court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Furthermore, in reviewing a counsel's alleged deficiency with respect to plea bargain negotiations, courts must be very careful to strictly adhere to the high thresholds required by Strickland. As explained by the Supreme Court in Premo v. Moore, 562 U.S. 115 (2011), in which the Court rejected an ineffective assistance of counsel claim brought pursuant to 28 U.S.C. § 2254 based on counsel's failure to file a motion to suppress entirely,

> [S]trict adherence to the Strickland standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage. . . . [T]he potential for the distortions and imbalance that can inhere in a hindsight perspective may become all too real. The art of negotiation is at least as nuanced as the art of trial advocacy and it presents questions farther removed from immediate judicial supervision. There are, moreover, special difficulties in evaluating the basis for counsel's judgment: An attorney often has insights borne of past dealings with the same prosecutor or court, and the record at the pretrial stage is never as full as it is after a trial. In determining how searching and exacting their review must be, habeas courts must respect their limited role

---

[2] The Court interprets Defendant's argument as being that counsel was deficient in advising him to plead guilty while the motion to suppress was still pending. To the extent Defendant is arguing that counsel was deficient in withdrawing the motion to suppress following Defendant's guilty plea, this was a formality. Defendant does not argue — and the Rule 11 plea agreement does not state — that his plea was conditioned on the Court's denial of his pending motion. Nor is there evidence the Government would have agreed to such an agreement. Therefore, the motion to suppress was moot following Defendant's guilty plea.

> in determining whether there was manifest deficiency in light of information then available to counsel.

Id.

Here, the decision to forego the pending motion to suppress in light of the Government's offer was strategic. In exchange for entering a guilty plea to count two (felon in possession), Defendant received a substantial bargain: dismissal of count one (drug distribution), which, if convicted at trial, could have resulted in a substantially greater term of imprisonment given the career offender guidelines. And the Government has stated that this offer would not have been available to Defendant after the hearing on his motion to suppress. See Gov't Resp. at 8; see also Plea Agreement at 10 (stating that the plea agreement offer expired if not executed before the hearing on the motion to suppress).

These types of decisions, i.e., whether to forego possible defenses and challenges in light of a pending plea agreement, are part of the risks that are inherent in the judicial process. The Court is loath to second guess such decisions, particularly given that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks." Premo, 562 U.S. at 115; see also Perez v. United States, 286 F. App'x 328, 332 (7th Cir. 2008) ("Perez's first counsel, Forbes, made the reasonable strategic decision not to pursue a motion to suppress — regardless of its underlying merit — because doing so would have undermined the plea agreement being negotiated at that time with the government."); United States v. Cervantes, 267 F. App'x 741, 743 (10th Cir. 2008) (no deficiency where counsel pursued plea negotiations rather than filing a motion to suppress, and the government indicated it would not support a downward departure if suppression was pursued); United States v. Rosario-Puente, 41 F. App'x 483, 484 (1st Cir. 2002) ("Moreover, in light of the significantly reduced sentence appellant received, no doubt due in

7

part to his agreement to withdraw the motion to suppress and plead guilty, trial counsel's advice seems eminently reasonable."); United States. Mills, No. 11-00103, 2014 WL 1390950, at *3 (D. Nev. Apr. 9, 2014) ("Former counsel's decision to forego a motion to suppress in favor of the aforementioned concessions during the plea bargaining process was entirely within the acceptable realm of professional representation.").[3]

The Court recognizes that, in some circumstances, a counsel's failure to file a motion to suppress can support a claim of ineffective assistance of counsel if the defendant's Fourth Amendment claim is meritorious. See Kimmelman v. Morrison, 477 U.S. 365, 374-375 (1986). However, the decision to forego risking a decision on an already-pending motion to suppress in exchange for accepting an otherwise-expiring plea agreement can be deemed nothing other than strategic; indeed, unlike a situation where counsel fails to file a motion to suppress entirely, thereby raising the possibility that counsel may not have been aware of a particular claim, the fact that Defendant's counsel did file such a motion in this case, but withdrew it in light of Defendant's plea, highlights that this was a strategic decision. See Lee v. United States, No. 10-cr-160, 2013 WL 5521874, at *4-5 (S.D. Ohio Oct. 3, 2013) (Deavers, M.J.) ("[T]he Court need not decide whether Petitioner suffered prejudice within the meaning of Strickland because the record conclusively establishes that [counsel] withdrew the motion to suppress pursuant to calculated strategy," including the risk of a less favorable plea agreement or trial.); United States v. Gladney, No. 09-cr-117, 2011 WL 381561, at *4 (D. Conn. Feb. 2, 2011) ("Advising a client to accept a guilty plea before the court has ruled on a motion to suppress is a strategic choice by

---

[3] Indeed, it appears that information counsel received between the filing of the initial motion and the reply changed his arguments in support of suppression. See Def. Reply to Mot. to Suppress at 2 ("Defendant's windows were tinted, apparently to a degree to be in violation of state law. (Defendant's counsel initially believed the tinting was lawful; subsequent investigation indicates this was not correct.)"). This supports the Court's refusal to find counsel deficient based on decisions made in light of the constantly changing risks and opportunities during negotiations.

counsel."). Defendant has not shown or explained how this strategic choice rendered his counsel's representation below an objective standard of reasonableness. To the contrary, Defendant stated at the plea hearing that he discussed his possible defenses with his counsel and that he was satisfied with counsel's advice regarding whether to plead guilty. Therefore, the Court rejects Defendant's first argument.[4]

**B. The Officers' Statements**

Defendant also argues that the officers' statements in the police report were false. Defendant claims this tainted the search warrant used in locating the firearms that underlie his conviction, because the affidavit issued in support of the warrant relied on those statements. Def. Mem. at 9-12. The Court rejects this argument for three reasons.

First, these same arguments regarding the alleged falsity of the officers' report were raised in support of Defendant's motion to suppress. See Def. Reply to Mot. to Suppress at 2-3 (discussing factual allegations that were disputed). By pleading guilty, Defendant implicitly waived his arguments regarding the falsity of the officers' statements or the implications thereof (i.e., the possible exclusion of the search warrant). Defendant's strategic decision to enter a non-conditional guilty plea rather than move forward with his motion to suppress thus renders this argument moot. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of

---

[4] The Court also notes that it is far from clear that Defendant's motion to suppress would have been successful. The sole evidence Defendant provides in support of his claim is his own affidavit, and statements that he was not issued tickets for any of the purported traffic violations. This is insufficient. Indeed, between the original motion to suppress filing and the reply, Defendant's counsel learned that the original stop may not have been unlawful. See Def. Reply to Mot. to Suppress at 2. And Defendant's motion to suppress failed to clearly articulate the grounds upon which he thought suppression was required; to the contrary, he simply argued that the Government should have to prove that the searches were constitutionally valid. Therefore, Defendant's success on the pending motion to suppress was questionable.

constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was" constitutionally deficient.); Mustin v. United States, No. 05-cr-80265, 2007 WL 1139580, at *3 (E.D. Mich. Apr. 17, 2007) ("A guilty plea waives any independent claims of constitutional deprivations which occurred prior to the entry of the plea, including suppression issues."); Tucker v. United States, No. 07-cv-466, 2007 WL 2159414, at *2 (W.D. Mich. July 25, 2007) ("Because [the defendant's] Fourth and Fifth Amendment claims are not jurisdictional, they were waived by her guilty plea."). And as described above, the strategic decision to accept the expiring plea agreement rather than move forward with the motion hearing did not render counsel constitutionally deficient.

Second, the Court finds that Defendant waived his right to bring such a claim under the terms of his plea agreement. The Sixth Circuit has held that a plea-agreement waiver of section 2255 rights is generally enforceable so long as the plea agreement was entered into knowingly, intelligently, and voluntarily. See Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999); see also Davila v. United States, 258 F.3d 448, 450-451 (6th Cir. 2001). A plea agreement with a valid waiver can even extend to preclude claims of ineffective assistance of counsel under 28 U.S.C. § 2255. Davila, 258 F.3d at 450. The waiver does not apply, however, where the claim goes to the validity of the guilty plea itself. See In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007).

Here, the Rule 11 plea agreement contains an express waiver regarding Defendant's right to file post-judgment collateral motions, including those under 28 U.S.C. § 2255. Plea Agreement at 7-8. Defendant's arguments regarding the falsity of the police report do not go to the validity of the plea agreement or the waiver contained therein. Nor has Defendant cited any

10

new evidence that has come to light since entry of his plea; to the contrary, Defendant's arguments appear to be based on his own belief that the statements were false, an argument that was directly raised in support of his motion to suppress.

The Court also finds that Defendant entered into the plea agreement knowingly and voluntarily in light of the language of the plea agreement itself, the discussion of the waiver provision at the plea hearing, as well as the questions the Court asked Defendant during the plea hearing and at sentencing. Indeed, the Court notes that, at sentencing, Defendant stated on the record that he did not want the Government to pull out of the plea agreement, and he asked for a sentence ranging from 84-105 months, exactly what he received. Therefore, the Court concludes that Defendant expressly waived his right to raise this Fourth Amendment issue on collateral review. See Tyler v. United States, No. 08-cr-20360, 2010 WL 3905342, at *2-3 (E.D. Mich. Sept. 29, 2010) (finding that the defendant waived his right to raise arguments that evidence against him was obtained in violation of the Fourth Amendment in light of the plea agreement's waiver provision).

Finally, the Court finds that, even if not waived, this claim is not cognizable on habeas review to the extent it is not tied to Defendant's claim of ineffective assistance of counsel. See Kimmelman v. Morrison, 477 U.S. 365, 383 (1986). "[W]here the [defendant has been] provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that [the] prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 481-482 (1976); see also United States v. Samonek, No. 09-cr-20225, 2014 WL 2931829, at *3 (E.D. Mich. June 30, 2014); United States v. Cooper, No.

11

08-cr-20464, 2012 WL 12706, at *9 n.9 (E.D. Mich. Jan. 4, 2012).[5] "For such an opportunity to have existed, [the defendant] must have [been] provide[d], in the abstract, a mechanism by which to raise the claim and the presentation of the claim in this case must not have been frustrated by a failure of that mechanism." Gilbert v. Parke, 763 F. 2d 821, 823 (6th Cir. 1985). Here, Defendant did have the opportunity to raise this claim — and indeed initially took advantage of that opportunity — via his motion to suppress. See Def. Reply to Mot. to Suppress at 2-3.

To overcome the procedural bar, a defendant must show both (i) that an external factor prevented him from raising these issues at trial and (ii) that he was actually prejudiced by not raising the claims earlier. Samonek, 2014 WL 2931829, at *3. In this case, however, Defendant cannot satisfy the first requirement — regardless of the prejudice inquiry — because he did demonstrate his ability to raise these issues earlier, i.e., by expressly raising them in support of his motion to suppress. See id. ("Defendant demonstrated his ability to raise the issue of evidence suppression when he made a motion for precisely that reason prior to entering his guilty plea.").[6]

Accordingly, the Court rejects Defendant's arguments regarding purported Fourth Amendment violations.

C.  **Certificate of Appealability**

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition

---

[5] The Sixth Circuit has held that this rule equally applies to claims brought under 28 U.S.C. § 2254 and § 2255. See Ray v. United States, 721 F.3d 758, 761-762 (6th Cir. 2013).

[6] In light of the foregoing, the Court also denies Defendant's request for an evidentiary hearing pursuant to 28 U.S.C. § 2255 and/or Franks v. Delaware, 438 U.S. 154 (1978).

should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 24).

SO ORDERED.

Dated: December 5, 2014
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2014.

s/Johnetta M. Curry-Williams
JOHNETTA M. CURRY-WILLIAMS
CASE MANAGER